LAW OFFICE OF BERNARD R. SCHWAM
Bernard R. Schwam, Esq. SBN-67452
bschwam@sbcglobal.net
16133 Ventura Blvd., Penthouse
Encino, CA 91436
(818) 986-3775, Fax (818) 788-3153

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN HORNICK,<br><br>　　　　Plaintiff,<br><br>v.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA; AND DOES 1 TO 10, INCLUSIVE,<br><br>　　　　Defendants. | CASE NO.<br><br>**COMPLAINT FOR DAMAGES UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT**<br><br>**[29 U.S.C. Section 1132]** |

　　　　Plaintiff, KEVIN HORNICK (hereinafter referred to as "Plaintiff"), complains of Defendants UNUM LIFE INSURANCE COMPANY OF AMERICA (hereinafter referred to as "UNUM" or "Defendants") and Does 1 to 10, inclusive, as follows:

### JURISDICTION AND VENUE

　　　　1.　　This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1337 and 29 U.S.C. §1132(a)(1), (e), (t), and (g), of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1101 . et. seq. (hereafter "ERISA") as it involves a claim by Plaintiff for disability benefits under an employee benefit plan

regulated and governed under ERISA. Jurisdiction is predicated under these Code Sections as well as 28 U.S.C. §1331 as this action involves a federal question.

2. The events or omissions giving rise to Plaintiff's claim occurred in this judicial district, thus venue is proper here pursuant to 28 U.S.C. §1391(b)(2), and the ends of justice require it.

3. The ERISA statute at 29 U.S.C. §1133, in accordance with Regulations of the Secretary of Labor, provides a mechanism for internal appeal of benefit denials. Those avenues of appeal have been exhausted.

4. Plaintiff exhausted the appeal process on or about May 18, 2016, at which time he was informed that UNUM had denied Plaintiff's appeal of the denial of his short term and long term disability benefits.

## GENERAL ALLEGATIONS

5. Plaintiff is informed and believes and thereon alleges that the plan is an employee welfare benefit plan established and maintained by Plaintiff's employer, KNOTTS BERRY FARM (hereafter referred to as "KBF") to provide its employees with group long term disability benefits, to pay a portion of a covered employee's income during a period of disability.

6. Plaintiff is an individual citizen and resident of the State of California, Orange County, residing within the Central District of the State of California.

7. On information and belief, UNUM insures the plan and is contractually obligated to pay benefits for claims covered and approved through the plan.

## FACTUAL AND LEGAL BACKGROUND

8. At all times relevant hereto, Plaintiff, currently age 60, was employed by KBF as a cabinet carpenter and cabinet maker for 31 years.

2

COMPLAINT FOR DAMAGES UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT

9. Plaintiff's job at KBF is medium and requires lifting up to 40 pounds, with frequent standing for long periods, stooping, reaching downward, and using a variety of heavy equipment, including forklifts, man lifts, cranes, etc.

10. Plaintiff's policy with UNUM defines total disability as being unable to perform the material and substantial duties of his regular occupation and have a 20% or more loss in indexed monthly earnings due to the same sickness or injury.

11. Plaintiff first became disabled on January 5, 2015, due to numerous conditions including, but not limited to, tachycardia and arrhythmia resulting in three heart procedures in 2014, a thyroid problem, chronic uticaria, hives and fatigue and depression due to his physical problems and fear of possible life threatening consequences.

12. Dr. Watanabe, Plaintiff's attending physician for 20 years, has indicated that Plaintiff is unable to perform the regular duties of his regular occupation and is totally disabled.

13. There are extensive entries in Kaiser's records that substantiate all of Plaintiff's medical problems and disabling conditions.

14. By contrast, the medical providers who claim Plaintiff is not disabled all seem to be in-house medical providers employed or hired by UNUM.

15. Also, at no time did UNUM ever request an Independent Medical Examination even though that is permitted in their policy.

16. UNUM's policy requires if Plaintiff is disabled to begin short term disability benefits in January of 2015 and continuing until June 29, 2015. Defendant paid short term disability (STD) benefits until May 4, 2015 and refused to pay beyond that date.

17. Plaintiff also is entitled to Long Term Disability (LTD) benefits beginning June 30, 2015 and continuing. No benefits for LTD have ever been made and Plaintiff was advised of the refusal by Defendant's denial letter.

COMPLAINT FOR DAMAGES UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT

18. Plaintiff appealed the decision and UNUM informed him on May 18, 2016 that his appeal was denied. Thus, Plaintiff has fully exhausted his administrative remedies.

19. Plaintiff contends that the standard of review is de novo due to the operation of Insurance Code Section 10110.6 (effective January 1, 2012) which states:

> "If a policy, contract, certificate, or agreement offered, issued, delivered, or renewed, whether or not in California, that provides or funds life insurance or disability insurance coverage for any California resident contains a provision that reserves discretionary authority to the insurer, or an agent of the insurer, to determine eligibility for benefits or coverage, to interpret the terms of the policy, contract, certificate, or agreement, or to provide standards of interpretation or review that are inconsistent with the laws of this state, that provision is void and unenforceable."

20. As a direct and proximate result of Defendant's wrongful denial of both STD and LTD benefits, Plaintiff contends that Defendants have breached the contract by not paying short term and long term monthly benefits, payable at the rate of $2,800.00 less appropriate offsets from May 5, 2015 to the present and continuing.

21. As a further direct and proximate result of the denial of benefits, and due to Defendants' unreasonable denial, Plaintiff had to engage the services of attorneys to assist him in recovering benefits due him, under the terms of the LTD plan. Accordingly, Plaintiff is further entitled to reasonable attorney's fees in an amount according to proof pursuant to 29 U.S.C. Section 1132(g)(1).

**WHEREFORE,** Plaintiff demands judgment against Defendants, and each of them, as follows:

1. Damages for breach of contract pursuant to 29 U.S.C. Section 1132(a)(1)(B), for short and long term disability benefits payable at the rate of $2,800.00 from May 5, 2015 to the present and continuing;

2. Interest on said amounts in accordance with law;

3. For reasonable attorney's fees and costs in a sum according to proof, pursuant to 29 U.S.C. Section 1132(g)(1).

4. For any further relief that the court deems reasonable and just.

DATED: June 1, 2016         LAW OFFICE OF BERNARD R. SCHWAM


By: /s/ Bernard R. Schwam
    BERNARD R. SCHWAM
    ATTORNEY FOR PLAINTIFF
    KEVIN HORNICK

1

**COMPLAINT FOR DAMAGES UNDER THE EMPLOYEE RETIREMENT SECURITY ACT**